UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------x
JOSEPH IFEANY ANI,

                Petitioner,              MEMORANDUM AND ORDER
                                              13 CV 286 (ILG)

-against-

UNITED STATES OF AMERICA,

                Respondent.
---------------------------------------------x
GLASSER, United States District Judge:

       The petitioner has filed this motion pursuant to 28 U.S.C. § 2255 seeking an Order that would vacate, correct or set aside his sentence and conviction based on his assertion of receiving ineffective assistance of counsel during the investigative and plea bargain phases of his case. He pleaded guilty to One Count of Conspiracy to Commit Wire Fraud and One Count of Aggravated Identity Theft of a seven count indictment in which he was charged with five counts of aggravated identity theft in addition to the conspiracy charge. The advisory Guideline sentence was 97 - 121 months. The aggravated identity theft required a mandatory sentence of 24 months to run consecutively to the other sentence imposed. The sentence imposed by the Court was 96 months; 72 on the conspiracy one to which 24 months was mandated to follow. His conviction and sentence was affirmed by the Court of Appeals by Summary Order which reflected Ani's challenge only to the legality of the restitution order.

       In a comprehensive letter response to the motion to which were appended the plea agreement and the transcripts of the proceedings at which Ani pleaded guilty and was sentenced, the government persuasively urged the dismissal of his petition. At the outset of its response, the government noted the knowing and voluntary waiver by Ani

of his right to appeal his conviction or sentence if the sentence of imprisonment was not greater than 132 months and also his right to challenge his conviction or sentence by petition pursuant to 28 U.S.C. § 2255. Paragraph 4 of that agreement provides:

> The defendant agrees not to file an appeal or otherwise challenge by petition pursuant to 28 U.S.C. § 2255 or any other provision the conviction or sentence in the event that the Court imposes a term of imprisonment of 132 months or below.

The record of the proceeding at which Ani pleaded guilty reflects the following:

| | |
|---|---|
| THE COURT: | Are you satisfied with the representation you have been receiving from Mr. McKernan? |
| [ANI]: | Yes, Your Honor. |

\* \* \*

| | |
|---|---|
| THE COURT: | And in consideration of your plea to enter guilty, you entered into what is known as a plea agreement with the government. |
| [ANI]: | Yes, Your Honor. |
| THE COURT: | You went over that agreement with your lawyer? |
| [ANI]: | Yes, Your Honor. |
| THE COURT: | I just want to make sure that you understood what it was you were agreeing to in [paragraph four of the agreement] when you agreed that you will not file an appeal if the sentence imposed is not greater than 132 months. Do you understand what that means? |
| [ANI]: | Yes, Your Honor. |
| THE COURT: | Do you know what it means to give up |

2

|            |                                            |
|------------|--------------------------------------------|
|            | your right to appeal?                      |
| [ANI]:     | Yes, Your Honor.                           |
| THE COURT: | You understand what that statute is about? |
| [ANI]:     | Yes, Your Honor.                           |

Tr. of June 1, 2011 at 14-16.

It is important to note that Ani went to law school in Nigeria and was qualified to practice law there to dispel any doubt that his waiver was knowing and voluntary.

In United States v. Monzon, 359 F.3d 110 (2d Cir. 2004), the Court rejected the notion that an appeal waiver becomes unenforceable simply because a defendant claims ineffective assistance of counsel if the waiver was knowing and voluntary. It held that: "To find an appeal waiver unenforceable simply because the defendant makes the claim, where the record (a) indicates that the appeal waiver was knowing and voluntary and (b) does not show merit in the ineffective assistance of counsel claim, would 'render the plea bargaining process and the resulting agreement meaningless.'" 359 F.3d at 119.

I indicated above that the defendant appealed his conviction and sentence, raising only the issue of the legality of the Court's order of restitution and not the claim of ineffective assistance of counsel. I would note that his failure to raise an ineffective assistance of counsel claim on direct appeal does not preclude him from bringing that claim in this § 2255 proceeding. See Massaro v. United States, 538 U.S. 500, 509 (2003).

Two years after deciding Monzon, the Court decided United States v. Oladimeji, 463 F.3d 152 (2006). In Yushuvayev v. United States, 532 F. Supp.2d 455 (E.D.N.Y. 2008), this Court discussed Oladimeji at some length and understood it to "clearly

3

contemplate that a defendant alleging ineffective assistance of counsel shall not be barred by a waiver of the right to appeal from bringing a collateral attack under Section 2255 asserting that his counsel's recommendation that he accept the plea agreement containing the waiver was itself ineffective assistance." 532 F. Supp.2d at 470. With that understanding, I deemed the defendant's waiver of that right unenforceable in the context of the 2255 proceeding and embarked upon an examination of the merits of his petition.

A Westlaw inquiry reflects that Strickland v. Washington, 466 U.S. 668 (1984) has been cited 210,396 times since it was decided. Another explication of the decision in that case would surely be tiresome. It will suffice to say that my review of the record compels the conclusion that Ani could not sustain the burden of establishing that his attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a consequence. His sentence was more lenient than the Guidelines advised and had he not pleaded and gone to trial, the likelihood that he would have been convicted of six counts instead of two was considerably more than likely and the sentence he would have suffered would have been substantially higher. A detailed discussion of that conclusion would consist of a barely disguised plagiarism of the government's comprehensive opposition to his petition which I hereby adopt in its entirety and incorporate by reference. Docket No. 8.

The ease with which defendants seek to escape the waiver of their right to appeal and to petition the court for § 2255 relief to which they agreed under oath when pleading guilty is stunning. But Professor Wigmore would not be at all surprised. He long ago observed that "[i]t can hardly be denied that the moral efficacy of the oath has long since

4

ceased to be what it once was." 6 James H. Chadbourn, Wigmore on Evidence § 1827 (rev. ed. 1976). Before pleading guilty Ani was placed under oath and advised: "Mr. Ani, you just swore to tell the truth so everything you are going to say to me this morning must be truthful if you don't want to commit the crime of perjury . . . which means to lie after you've been sworn to tell the truth." To which he replied, "Yes, sir." Tr. of June 1, 2011 at p. 2. His subsequent declaration that he was satisfied with the representation he was receiving from his lawyer might properly be regarded as perjurious by the filing of his petition.

His solemn oath to tell the truth, his stated satisfaction with the assistance of his counsel and the knowing and voluntary waiver of his rights by this Nigerian lawyer should suffice to warrant no further investment of judicial resources to determine the merits of his claim. His petition is denied.

SO ORDERED.

Dated:    Brooklyn, New York
          April 3, 2013

s/ILG
_____
I. Leo Glasser

5